IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. No. 07-00570 ACK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | ATTORNEYS' FEES AND COSTS |
| HARRISON P. CHUNG, et al., | ) | BE GRANTED IN PART AND |
| | ) | DENIED IN PART |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT DEFENDANT'S
MOTION FOR ATTORNEYS' FEES AND COSTS BE
GRANTED IN PART AND DENIED IN PART

Before the Court is Defendant Dennis T.S. Chung as Personal Representative of the Estate of Amy Bo Jan Chung's ("the Estate") Motion for Attorneys' Fees and Request for Costs. The Estate seeks to recover attorneys' fees under the Equal Access to Justice Act and 26 U.S.C. § 7430, as well as costs. After careful consideration of the Motion and the supporting and opposing memoranda, the Court finds and recommends that the Estates's Motion be GRANTED IN PART and DENIED IN PART.

I.        Fees under the Equal Access to Justice Act

The Estate seeks fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(a), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(a).  However, subsection (e) of this statute provides an exception to awards of fees under the Act:

> The provisions of this section shall not apply to any costs, fees, an other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies.

Id. § 2412(e).  The Ninth Circuit has also noted that the "EAJA does not apply to any proceeding to which section 7430 of the Internal Revenue Code applies."  In re Cascade Roads, Inc., 34 F.3d 756, 768 (9th Cir. 1994).  "Thus, in the cases to which § 7430 applies it is exclusive and precludes recovery under the EAJA."  Id.

In its motion, the Estate argues that it is entitled to fees under 26 U.S.C. § 7430.  (Motion at 10-11.)  Because an award of fees under § 7430 "is exclusive and precludes recovery under the EAJA," the Court DENIES the Estate's request for fees under the EAJA.  See In re Cascade Roads, Inc., 34 F.3d at 768.

II.        Fees under 26 U.S.C. § 7430

As noted above, the Estate seeks to recover attorneys' fees under 26 U.S.C. § 7430, which provides:

> In any . . . court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment . . . for . . . reasonable litigation costs.

26 U.S.C. § 7430(a). "Reasonable litigation costs" include "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding." Id. at (c)(1). Further, "any creditor of the taxpayer involved" is excluded from the definition of "prevailing party." Id. at (c)(4) ("'prevailing party' means any party in any proceeding . . . other than the United States or any creditor of the taxpayer involved"). The parties dispute whether the Estate is a creditor and therefore precluded from recovering attorneys' fees under § 7430.

The Ninth Circuit addressed a creditor's right to fees under § 7430 in Bermensolo v. United States, 883 F.2d 58 (9th Cir. 1989). In that case, the Bermensolos sold their business and retained a security interest in the store's stock-in-trade. Id. at 59. After the buyers encountered financial difficulties and incurred federal tax liability, the IRS filed a notice of federal tax lien against the buyers. Id. The Bermensolos also commenced foreclosure proceedings for the

3

interest in their stock-in-trade. Id. After the stock-in-trade was liquidated and the funds deposited into an account, the IRS levied upon the account and seized the balance. Id. The Bermensolos filed a wrongful levy action against the IRS, claiming they had priority in the proceeds of the stock-in-trade as holders of a prior perfected purchase money security interest. Id. The district court agreed with the Bermensolos.

      The Bermensolos then filed a motion for attorneys' fees under § 7430, which was granted. Id. On appeal, the Ninth Circuit reversed the award of attorneys' fees, noting that the Bermensolos "were secured creditors of the [buyers], and their interest in the bank account [containing the stock-in-trade liquidated money] arose from their attempt to collect the debt that was owed them by executing against the property that secured the debt." Id. at 60. Because they "retained a security interest, as creditors of the buyers, to secure payment of the sales price," the Ninth Circuit determined the Bermensolos to be creditors. Id. ("The holder of a security interest is, by definition, a creditor."). As "creditors of the taxpayer," they were "precluded from asserting status as prevailing parties for the purpose of seeking attorney's fees." Id.

      In the present case, the basis of the Estate's claim to the subject property was that it was subrogated to the rights of Finance Factors, an entity that

held a mortgage on the property. Pursuant to a stipulation (Doc. 54),the property was sold and certain proceeds of the sale were held in escrow pending the Court's determination of the parties' rights thereto. After the sale, the Estate articulated its interest in those proceeds as a lien interest and characterized itself as the holder of the mortgage and promissory note. (Opp. at 6 n.2 (listing examples of the Estate's pleadings in which it stated it is the holder of the mortgage and promissory note).) Under Hawaii law, a mortgage creates a lien as security for the payment of an obligation. Haw. Rev. Stat. § 506-1(a). Thus, like in Bermensolo, the Estate "retained a security interest . . . to secure payment of the sales price." 883 F.3d at 60. As a creditor of the taxpayer, the Estate is "statutorily precluded from asserting status as prevailing parties for the purpose of seeing attorney's fees." See id. Accordingly, the Court DENIES the Estate's request for attorney's fees under 26 U.S.C. § 7430.

III.    Costs

The Estate seeks to recover costs under Federal Rule of Civil Procedure Rule 54(d) and 28 U.S.C. § 1920, which states in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
> . . .
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

>   (3) Fees and disbursements for printing and witnesses; [and]
>
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case.

28 U.S.C. § 1920.

The costs incurred by the Estate that it seeks to recover are for copying costs, certification fees at the Bureau of Conveyances, and court reporter fees, which total $421.70.  (Motion at 14.)  The Court GRANTS the request for costs in this amount, but DENIES the Estate's request for general excise tax against the United States in the amount of $19.87.  See United States v. New Mexico, 455 U.S. 720, 733-34.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that the Estate's Motion for Attorneys' Fees and Request for Costs be GRANTED IN PART and DENIED IN PART.

   DATED: Honolulu, Hawaii, September 1, 2010.

   IT IS SO ORDERED.



         /S/ Barry M. Kurren
        Barry M. Kurren
        United States Magistrate Judge

<u>United States of America v. Chung, et al.</u>, Civ. No. 07-00570 ACK-BMK; FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART.