IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Civ. No. 07-00570 ACK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **HARRISON P. CHUNG; LISA C.L.** ) | |
| **CHUNG; DENNIS T.S. CHUNG, the** ) | |
| **Personal Representative of the** ) | |
| **Estate of Amy Bo Jan Chung;** ) | |
| **CITIMORTGAGE, INC.; STATE OF** ) | |
| **HAWAII DEPARTMENT OF TAXATION,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER (1) ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART, AND (2) RECOMMITTING DEFENDANT'S MOTION TO THE MAGISTRATE JUDGE FOR A DETERMINATION OF REASONABLE ATTORNEY'S FEES**

On June 10, 2010, Defendant Dennis T. S. Chung, the personal representative of the estate of Amy Bo Jan Chung (the "Amy Bo Jan Chung Estate") filed a Motion for Attorney's Fees and Request for Costs ("Attorney's Fees Motion"). Doc. No. 126. On June 24, 2010, Plaintiff the United States of America ("Plaintiff" or "United States") filed an opposition to the Attorney's Fees Motion. Doc. No. 127. On July 1, 2010, the Amy Bo Jan Chung Estate filed a Reply in support of its Attorney's Fees Motion. Doc. No. 128.

On September 1, 2010, Magistrate Judge Kurren issued a Findings and Recommendation that Defendant's Motion for

Attorney's Fees and Costs be Granted in Part and Denied in Part (9/1/10 F&R).  Doc. No. 130.

On September 15, 2010, the Amy Bo Jan Chung Estate filed an objection to the 9/1/10 F&R (the "Estate's Objection").  Doc. No. 131.  Finally, on September 17, 2010, the United States filed a response to the Estate's Objection ("Plaintiff's Response").  Doc. No. 132.

## BACKGROUND

On November 16, 2007, Plaintiff filed a complaint to reduce to judgment outstanding federal tax liabilities assessed against Defendants Harrison P. Chung and Lisa C. L. Chung (the "Chung Defendants") and to foreclose federal tax liens against certain real property.  Compl. ¶ 1.  The Complaint also named Amy Bo Jan Chung, CitiMortgage, Inc., and the State of Hawaii Department of Taxation as defendants because they had potential interests in the property sought to be foreclosed.  Compl. ¶¶ 7-9.  On September 4, 2008, Plaintiff filed an Amended Complaint substituting Dennis T. S. Chung, the personal representative of the estate of Amy Bo Jan Chung, for Defendant Amy Bo Jan Chung.

In July of 2009, the parties stipulated to the sale of the real property at issue in this lawsuit.  See Stipulation Regarding Sale of 1198 Kahului Street, Honolulu, Hawaii & Distribution of Sales Proceeds, Doc. No. 54, dated July 13, 2009 (the "7/13/09 Stipulation").  The Court approved the 7/13/09

Stipulation in part on July 13, 2009, and in part on July 16, 2009.  The 7/13/09 Stipulation provided for the sale of the real property located at 1198 Kahului Street and an allocation of sale proceeds as set forth in the 7/13/09 Stipulation.  The 7/13/09 Stipulation provided that certain proceeds, denominated the Remaining Net Sales Proceeds, were to be deposited in a trust account pending further order of this Court.  7/13/09 Stipulation ¶ 2D.  The 7/13/09 Stipulation set forth that "Defendant PR Dennis Chung shall promptly execute and deliver a release of said mortgage encumbering 1198 Kahului Street so that the Chung Defendants may transfer free and clear title to the Buyers, and said mortgage shall attach to the Remaining Net Sales Proceeds in the amount and with the priority that it would have attached to 1198 Kahului Street."  Id. ¶ 7.  Thus, the 7/13/09 Stipulation further provided that the Court "shall determine the rights and claims of the Chung Defendants, Plaintiff USA, Defendant PR Dennis Chung, and Defendant Hawaii Tax Dept. in and to the Remaining Net Sales Proceeds."  Id. ¶ 10.

On August 6, 2009, Plaintiff and the Chung Defendants stipulated to the entry of judgment in favor of Plaintiff and against the Chung Defendants on Counts I, II, and III of the First Amended Complaint.  The Court entered final judgment in favor of the United States and against Defendants Harrison P. Chung and Lisa C. L. Chung on Counts I, II, and III of the First

Amended Complaint on August 10, 2009 ("Judgment").

On October 15, 2009, the Court approved the parties' stipulation to the dismissal of all claims against Defendant CitiMortgage, Inc.

On February 9, 2010, Plaintiff filed a Motion for Adjudication of Priorities.  Doc. No. 87.  On February 10, 2010, the Amy Bo Jan Chung Estate filed a Motion for Summary Judgment or, in the Alternative, Motion for Leave to File a Crossclaim Against Defendants Harrison P. Chung and Lisa C. L. Chung ("Motion for Summary Judgment").  Doc. No. 89.  Pursuant to the 7/13/09 Stipulation, the Amy Bo Jan Chung Estate's Motion for Summary Judgment sought to establish its priority to the Remaining Net Sales Proceeds, asserting that its mortgage was superior to the United States' tax liens.[1/]

On May 27, 2010, this Court issued an Order (1) Granting the Amy Bo Jan Chung Estate's Motion for Summary Judgment, (2) Resolving the United States' Motion for Adjudication of Priorities, and (3) Ordering Distribution of the Remaining Net Sales Proceeds ("5/27/10 Order").  Doc. No. 125.

Subsequent to the 5/27/10 Order, as detailed above, the Amy Bo Jan Chung Estate filed its Attorney's Fees Motion, which

---

[1/] The Court finds that the 7/13/09 Stipulation effectively provided for the foreclosure of the Estate's Mortgage which was further accomplished by the parties' actions and settlement, the release of the Mortgage, and the sale of the subject property free and clear of any liens.

resulted in the 9/1/10 F&R.

## STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.  The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  It may also consider the record developed before the magistrate judge.  D. Haw. Local Rule 74.2.  The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

The Court finds that a hearing in this matter is neither necessary nor appropriate.  See D. Haw. Local Rule 7.2(d).

## DISCUSSION

An analysis of the Attorney's Fees Motion and the

5

Estate's Objection to the 9/1/10 F&R must begin with the Court's 5/27/10 Order.  The 5/27/10 Order held that the "the Amy Bo Jan Chung Estate has first priority to the Remaining Net Sales Proceeds for the principal and interest accruing on the mortgage held by the Amy Bo Jan Chung Estate."  5/27/10 Order at 10.  The Court also held that the Amy Bo Jan Chung Estate "has priority over the other parties for its attorney's fees and costs as a mortgagee."  Id.  The 5/27/10 Order further reiterated this point explaining:

> As discussed above, the Amy Bo Jan Chung Estate's attorney's fees and costs have priority over the United States' liens.  In the event the United States and the Amy Bo Jan Chung Estate fail to reach an agreement as to <u>the amount of attorney's fees and costs</u> to which the Amy Bo Jan Chung Estate is entitled, such amount shall be determined by the Magistrate Judge.  In such event, the United States shall be responsible to promptly pay such amount to the Amy Bo Jan Chung Estate from the funds distributed to the United States pursuant to this Order.

5/27/10 Order at 13-14 (emphasis added).  The Court then repeated a third time that "the United States' liens have priority over any attorney's fees and costs to which any party (including Howard Chang) may be entitled (<u>other than</u> the Amy Bo Jan Chung Estate, and, pursuant to the United States' Proposed Stipulation, the Hawaii Department of Taxation). . . ." 5/27/10 Order at 14 (emphasis added).

Yet, notwithstanding the three findings by the Court, its rulings were not addressed by the parties or followed before

the Magistrate Judge.  The Court found that the Amy Bo Jan Chung Estate had priority over the other parties for its attorney's fees and costs as a mortgagee.  The Amy Bo Jan Chung Estate submitted the mortgage as part of the Errata to Correct Inadvertently Omitted Exhibits to the Deposition of Harrison P. Chung (Exhibit "B") and the Deposition of Dennis T.S. Chung (Exhibit "C") Attached to the Motion for Summary Judgment of Defendant Dennis T.S. Chung, the Personal Representative of the Estate of Amy Bo Jan Chung or, in the Alternative, Motion for Leave to File a Crossclaim Against Defendants Harrison P. Chung and Lisa C. L. Chung.  See Doc. Nos. 92-95.

Paragraph 21(c) of the Mortgage provides that the "Mortgagor . . . will pay all expenses, including reasonable attorney's fees, incurred by the Mortgagee, whether in litigation or otherwise to sustain the lien or priority of the Mortgage, or to protect or enforce any of the Mortgagee's rights hereunder . . . all of which shall be secured hereby and be a first lien on the property subject hereto."  Id. at 10.  Thus, pursuant to the language in the Mortgage, the tax code, and local law, the Amy Bo Jan Chung Estate is entitled to reasonable attorney's fees as a mortgagee.

The United States' tax liens arose pursuant to 26 U.S.C. § 6321.  See First Am. Compl. ¶ 22; 28 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the

same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."). Regarding the priority of other liens and related attorney's fees and costs, 26 U.S.C. § 6323(e) specifically provides:

> If the lien imposed by section 6321 is not valid as against a lien or security interest, the priority of such lien or security interest shall extend to . . . the reasonable expenses, including reasonable compensation for attorneys, actually incurred in collecting or enforcing the obligation secured . . . to the extent that, under local law, any such item has the same priority as the lien or security interest to which it relates.

26 U.S.C. § 6323(e).[2] This subsection was specifically added to "improve the status of private secured creditors." S. Rep. No. 89-1708 (1966) reprinted in 1966 U.S.C.A.N. 3722, at 3723 (1966) The Senate Finance Committee explained its reasoning for this subsection as follows:

> These interest charges and expenses arise out of a lien or security interest having priority over the Federal tax lien, and your committee believes that, although they are not fully determinable as of the time notice of the Federal tax lien is filed, nevertheless, they should be given priority since they relate to a lien or security interest having such a priority.

---

[2] Although the Court finds that this is the controlling and applicable statute, the Court observes that none of the parties has ever raised the applicability of this section either in their initial briefing or in the objection and response to the 9/1/10 F&R.

Id. at 3731.

26 U.S.C. § 6323(e) specifically reverses the result reached in an earlier Supreme Court decision holding that a mortgagee's lien for attorney's fees, which was uncertain in amount and yet to be incurred and paid, was inchoate and thus subordinate to intervening federal tax liens filed before the mortgagee's lien for attorney's fees matured.  See United States v. Pioneer American Ins. Co., 374 U.S. 84, 91 (1963).  The House of Representatives' Ways and Means Committee further detailed:

> Paragraph (3) of section 6323(e) permits the amount of a lien of security interest, which has priority over the Federal tax lien, to be increased by the reasonable expenses, including reasonable compensation for attorneys, actually incurred in collecting or enforcing the obligation secured.  Thus, a protected holder of a security interest or lien may increase the amount of his encumbrance by the amount of his expenditures incurred to establish the priority of his interest or to collect (by foreclosure or otherwise) the amount due him from the property subject to his lien.  Paragraph (3) therefore reverses the result reached in United States v. Pioneer American Insurance Co., 374 U.S. 84 (1963), and in United States v. Equitable Life Assurance Soc. of the United States, 384 U.S. 323 (1966).

see H.R. Rep. No. 89-1884, at 46 (1966).  The Ninth Circuit has affirmed that § 6323(e) "specifically provides recovery of reasonable litigation expenses only for holders of liens and security interests."  Feiler v. United States, 62 F.3d 315, 318 (9th Cir. 1995).

Because § 6323(e) directs that reasonable expenses

including attorney's fees are available "to the extent that, under local law, any such item has the same priority as the lien or security interest to which it relates," the Court must examine Hawaiʻi law. See 26 U.S.C. § 6323(e). Hawaiʻi law appears to grant attorney's fees and costs the same priority as the lien or security interest to which it relates. The Hawaiʻi Supreme Court has awarded attorney's fees based on a mortgage provision in a case in which there was a dispute as to the priority of two mortgages. See Akamine & Sons, Ltd v. Hawaii National Bank, 54 Haw. 107, 503 P.2d 424 (1973). The Hawaiʻi Supreme Court found that the breach caused the first mortgagee to have incurred the attorney's fees, and payment of those fees was secured by the first mortgage. Id. at 118, 503 P.2d at 430.

Later Hawaiʻi cases appear to grant attorney's fees to a mortgagee pursuant to a mortgage even if the mortgagee was not the party that instituted the proceedings. See Strouss v. Simmons, 66 Haw. 32, 657 P.2d 1004 (1982); Smothers v. Renander, 2 Haw. App. 400, 633 P.2d 556 (Haw. App. 1981).

Therefore, the Court rejects the 9/1/10 F&R to the extent that it denied the Amy Bo Jan Chung Estate attorney's fees. The Court recommits this matter to the Magistrate Judge for a determination of the amount of reasonable attorney's fees.

Because the Court has found that the Amy Bo Jan Chung Estate is entitled to reasonable attorney's fees under 26 U.S.C.

§ 6323, the Court will not address the Amy Bo Jan Chung Estate's arguments that it is entitled to fees under either 28 U.S.C. § 2412 or 26 U.S.C. § 7430.

## CONCLUSION

For the foregoing reasons, the 9/1/10 F&R is adopted in part and rejected in part.  The Court adopts the portion of the 9/1/10 F&R regarding the award of costs to the Amy Bo Jan Estate and rejects the portion of the 9/1/10 F&R denying the Amy Bo Jan Estate attorney's fees.  This matter is recommitted to the Magistrate Judge for a determination of the amount of reasonable attorney's fees to which the Amy Bo Jan Chung Estate is entitled.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, October 19, 2010.



_____
Alan C. Kay
Sr. United States District Judge

United States v. Chung, Civ. No. 07-00570 ACK-BMK: Order (1) Adopting in Part and Rejecting in Part the Magistrate Judge's Findings and Recommendation that Defendant's Motion for Attorney's Fees and Costs be Granted in Part and Denied in Part and (2) Recommitting Defendant's Motion for Attorney's Fees and Costs to the Magistrate Judge for a Determination of Reasonable Attorney's Fees.