IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. No. 07-00570 ACK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| vs. | ) | REGARDING AMOUNT OF |
| | ) | ATTORNEYS' FEES OWED TO |
| HARRISON P. CHUNG, et al., | ) | THE AMY BO JAN CHUNG |
| | ) | ESTATE |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION REGARDING AMOUNT OF
ATTORNEYS' FEES OWED TO THE AMY BO JAN CHUNG ESTATE

On September 1, 2010, this Court issued Findings and Recommendation that Defendant's Motion for Attorneys' Fees and Costs be Granted in Part and Denied in Part. In that Order, this Court recommended, among other things, that the Estate of Amy Bo Jan Chung ("the Estate") is not entitled to an award of attorneys' fees. On October 19, 2010, Senior District Judge Alan C. Kay reversed that Order in part, holding that the Estate is entitled to fees. Judge Kay remanded the determination of reasonable attorneys' fees to this Court. As discussed below, the Court finds and recommends that the Estate be awarded $51,607.50 in attorneys' fees.

Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S.

424, 433.  United States v. Bright, No. 07-00311 ACK-KSC, at 9 (D. Haw. 2010) (citing Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000)).  The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by a "reasonable hourly rate."  Id.  Second, the court must decide whether to adjust the lodestar amount based on the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id.  Factors one through five have been subsumed in the lodestar calculation; the sixth factor "may not be considered in the lodestar calculation."  Id.  Once calculated, the lodestar is presumptively reasonable.  Id.

With respect to the hourly rates billed by the Estate's counsel, attorney Steven K. S. Chung, who is the sole member of Steven Chung and Associates, LLLC, bills at $325 per hour.  (Chung Decl'n (attached to Doc. 134) ¶ 3; Ex. B (attached to Doc. 134) at 1.)  Chanelle M. Chung, another attorney of

record in this case, bills at $180 per hour. (Ex. B (attached to Doc. 134) at 1.) According to Chanelle M. Chung, those hourly rates are the rates generally charged to other clients for similar services and are fair, reasonable, and acceptable in the marketplace. (Chung Decl'n (attached to Doc. 134) ¶ 4.) Paralegal Debra M. Pruitt bills at $70 per hour. (Id.) The Court finds these hourly rates to be reasonable.

The Estate's lawyers are seeking fees for 254 hours of work performed on the Estate's behalf, and note that they "reduced the total number of hours . . . expended in this matter by over four hours." (Doc. 134 at 3.) In opposition to the Estate's motion for fees, the United States argues that the number of hours should be reduced by (1) "clerical or ministerial tasks" performed by the attorneys and paralegal, (2) time associated with "unnecessary and/or ill-conceived pleadings," such as an Errata that was filed to correct the Estate's errors, and (3) time performing "tasks in the future." (Opp. at 21-22.)

The Court agrees with the United States that the number of hours should be reduced by time spent on clerical or ministerial tasks. Regarding work done by the paralegal, the Court reduces her hours by 5 hours for time spent sending a caption to an attorney, following up on how to file an Errata, sending courtesy copies to the Court, and checking calculations. (Ex. E at 3, 9, 11.)

3

Attorney hours are similarly reduced by 0.3 hours for time Chanelle Chung spent calculating amounts owed to the Estate. (Ex. E. at 3.)

The Court also agrees with the United States to deduct 3 of the paralegal's hours and 0.80 of Chanelle Chung's hours for time spent working on replies to statements of non-opposition. (Ex. E at 10.)

The Court further rejects time spent performing "future work." (Ex. E at 14.) This "future work" included anticipated work to review the United States' opposition to the Estate's motion for fees and to prepare a reply memorandum. However, in the Estate's most recent filing (Doc. 134), it deleted any time spent on "future work" and included the actual hours the attorneys spent on this case after the motion for fees was filed. Therefore, because the Estate's most recent filing excludes time spent on "future work," the Court does not deduct the hours listed in Exhibit E regarding future work.

Lastly, the United States contends that the Estate improperly seeks to impose state tax on it. (Opp. at 22.) The Court agrees and denies the Estate's request for $2,467.44 in general excise tax against the United States. See United States v. New Mexico, 455 U.S. 720, 733-34 (1982).

In sum, the Court accepts the hourly rates by the Estate's attorneys and paralegal. As discussed above, the Court also reduces the paralegal's time by

8 hours and Chanelle Chung's time by 1.1 hours.  The fee award is therefore reduced by $758 ([8 hours x $70/hour = $560] + [1.1 hours x $180/hour = $198] = $758).  Further, the Court rejects the Estate's request for general excise tax.  Therefore, the lodestar amount, which the Court finds to be reasonable, is $51,607.50 ($52,365.50 - $758 = $51,607.50).  (Ex. B (attached to Doc. 134) at 1.)  Accordingly, the Court recommends that the Estate is entitled to attorneys' fees in the amount of $51,607.50.

DATED:  Honolulu, Hawaii, October 22, 2010.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

United States of America v. Chung, et al., Civ. No. 07-00570 ACK-BMK; FINDINGS AND RECOMMENDATION REGARDING AMOUNT OF ATTORNEYS' FEES OWED TO THE AMY BO JAN CHUNG ESTATE.