IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civ. No. 07-00570 ACK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HARRISON P. CHUNG; LISA C.L. ) | |
| CHUNG; DENNIS T.S. CHUNG, the ) | |
| Personal Representative of the ) | |
| Estate of Amy Bo Jan Chung; ) | |
| CITIMORTGAGE, INC.; STATE OF ) | |
| HAWAII DEPARTMENT OF TAXATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION REGARDING AMOUNT OF ATTORNEYS' FEES OWED TO THE AMY BO JAN CHUNG ESTATE**

**BACKGROUND**

As the parties are extensively familiar with the facts and procedural history of this case, the Court will only provide a brief overview of the proceedings most relevant to the current issue before the Court.

On June 10, 2010, Defendant Dennis T. S. Chung, the personal representative of the estate of Amy Bo Jan Chung (the "Amy Bo Jan Chung Estate") filed a Motion for Attorney's Fees and Request for Costs ("Attorney's Fees Motion"). Doc. No. 126. On June 24, 2010, Plaintiff the United States of America ("Plaintiff" or "United States") filed an opposition to the Attorney's Fees Motion ("United States Opp'n to Atty Fees Mot").

Doc. No. 127.  On July 1, 2010, the Amy Bo Jan Chung Estate filed a Reply in support of its Attorney's Fees Motion.  Doc. No. 128.

On September 1, 2010, Magistrate Judge Kurren issued a Findings and Recommendation that Defendant's Motion for Attorney's Fees and Costs be Granted in Part and Denied in Part ("9/1/10 F&R").  Doc. No. 130.  The 9/1/10 F&R was objected to and on October 19, 2010, this Court issued an Order (1) Adopting in Part and Rejecting in Part the Magistrate Judge's Findings and Recommendation that Defendant's Motion for Attorney's Fees and Costs Be Granted in Part and Denied in Part, and (2) Recommitting Defendant's Motion to the Magistrate Judge for a Determination of Reasonable Attorney's Fees ("10/16/10 Order").  On October 20, 2010, the Amy Bo Jan Chung Estate filed a document entitled "Request of Defendant Dennis T.S. Chung, The Personal Representative of the Estate of Amy Bo Jan Chung, For Attorneys' Fees Pursuant to Order (1) Adopting in Part and Rejecting in Part The Magistrate Judge's Findings and Recommendation that Defendant's Motion for Attorney's Fees and Costs Be Granted in Part and Denied in Part, and Recommitting Defendant's Motion to The Magistrate Judge For Determination of Reasonable Attorney's Fees, Entered October 19, 2010" ("Revised Attorneys' Fees Motion," Doc. No. 134).  In connection with the Revised Attorneys' Fees Motion, the Amy Bo Jan Chung Estate also filed a Declaration of Chanelle Chung dated October 20, 2010, which

attached Exhibits A and B ("10/20/10 Declaration of Chanelle Chung").

On October 22, 2010, Magistrate Judge Kurren issued a Findings and Recommendation Regarding Amount of Attorneys' Fees Owed to the Amy Bo Jan Chung Estate ("10/22/10 F&R").  Magistrate Judge Kurren recommended the Amy Bo Jan Chung Estate be awarded $51,607.50 in attorneys' fees.

On October 25, 2010, Defendants Harrison P. Chung and Lisa C. Chung ("Taxpayers") filed a Limited Objection to Request for Attorneys' Fees re Estate of Amy Chung ("Taxpayers' Limited Objection").  Doc. No. 136.  On November 5, 2010, Plaintiff filed an objection to the 10/22/10 F&R ("United States's Objection," doc. no. 138) and that same day, the Amy Bo Jan Chung Estate filed a response to the United States's Objection ("Estate's Response," doc. no. 139).

## **STANDARD OF REVIEW**

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.  The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record.

Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

The Court finds that a hearing in this matter is neither necessary nor appropriate. See D. Haw. Local Rule 7.2(d).

### DISCUSSION

The 10/22/10 F&R recommends $51,607,50 in attorneys' fees for the Amy Bo Jan Chung Estate. The United States's Objection asserts that the Amy Bo Jan Chung Estate's attorneys' fees should be reduced because the "claimed attorneys' fees were not 'reasonably necessary' to achieve the results obtained, and because the Estate's attorneys' fees are capped under state law." United States' Objection at 2-3. The United States points to H.R.S. § 607-14, which limits attorneys' fees to twenty-five percent of the judgment obtained.[1/] Accordingly, the United

---

[1/] H.R.S. § 607-14 provides, inter alia,
  In all the courts, in all actions in the nature of
  (continued...)

States argues "should the Court determine that the Estate is entitled to an award of attorneys' fees under the mortgage, that award cannot exceed twenty-five per cent of the $134,255.65 judgment obtained by the Estate in this action, or $33,563.91." United States's Objection at 11-12.  The Taxpayers' Limited Objection also raises this same statute.  See Taxpayers' Limited Objection at 2.  The Estate's Response merely requests that the Court adopt the 10/22/10 F&R, asserting that United States does

---

[1]/(...continued)
assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.
Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed.
  Where the note or other contract in writing provides for a rate less than twenty-five per cent, not more than the specified rate shall be allowed.
    . . .
  The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

not raise any new arguments and that the Magistrate Judge had already considered and taken those arguments into account in the 10/22/10 F&R.  See Estate's Response at 2-3.

The Court notes that it has already determined that the Amy Bo Jan Chung Estate is entitled to attorneys' fees under the mortgage on more than one occasion.  See 10/19/10 Order.  In the Court's 10/19/10 Order, the Court determined that in conjunction with the foreclosure of its mortgage the Amy Bo Jan Chung Estate was entitled to attorneys' fees as a mortgagee, and those attorneys' fees were entitled to the same priority as the mortgage under 26 U.S.C. § 6323(e).  See id. at 9-11.  26 U.S.C. § 6323(e) provides:

> If the lien imposed by section 6321 is not valid as against a lien or security interest, the priority of such lien or security interest shall extend to . . . the reasonable expenses, including reasonable compensation for attorneys, actually incurred in collecting or enforcing the obligation secured . . . to the extent that, under local law, any such item has the same priority as the lien or security interest to which it relates.

26 U.S.C. § 6323(e).  Section 6323(e) does not place a maximum upon the amount of reasonable attorneys' fees.  However, because § 6323(e) only provides such attorneys' fees priority "to the extent that, under local law, any such item has the same priority as the lien or security interest to which it relate," the Court concludes that any limitation on attorneys' fees under local law must be read into the statute.  If there is a limitation on

attorneys' fees under local law, then local law would not provide priority for any attorneys' fees above that limitation as such fees would not be recoverable under that local law.[2]

Accordingly, the Court finds that, as the United States and Taxpayers argue, Hawai'i law limits attorneys' fees to twenty-five (25%) of the amount recovered by the Amy Bo Jan Chung Estate, which is $33,563.91 (25% of $134,255.65). See H.R.S. § 607-14. Therefore, under 26 U.S.C. § 6323(e) the Amy Bo Jan Chung Estate's recovery for attorneys' fees is limited to $33,563.91.

Moreover, the Court finds that $33,563.91 is a

---

[2] The Court notes that it is possible to argue that § 6323(e) looks to local law only to determine whether such an item is given priority. Thus, the argument goes, once it has been determined that local law gives priority to attorneys' fees, no further reference to local law or any limitations imposed by local law is necessary. The Court, however, is not persuaded by this interpretation. Such an interpretation could provide a windfall benefit upon a mortgagee that chooses not to institute its own foreclosure proceedings, but rather to ride upon the coattails of the United States, as the Amy Bo Jan Chung Estate has done here. Although the Taxpayers had clearly been in default under the mortgage for years (and indeed may have acquired the mortgage only because the Taxpayers could not pay the prior mortgagee), neither Amy Bo Jan Chung nor her Estate appears to have taken any legal action against the Taxpayers prior to this action. Thus, to permit the Amy Bo Jan Chung Estate to recover more attorneys' fees (in a lawsuit that it has protracted) than it would have been able to were it to have acted directly upon the mortgage is not consistent with the legislative intent of § 6323(e). As explained in greater detail in the Court's 10/19/10 Order, § 6323(e) was intended only to protect creditors from being placed at a disadvantage in the event the federal government seeks to enforce its liens. See 10/19/10 Order at 8-9.

reasonable attorneys' fee award.  Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The Court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable. See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates v. Deukmejian, 987 F.2d 1392, 1399 (9th Cir. 1993) (quoting Hensley, 461 U.S. at 433-34).

Second, the Court must decide whether to adjust the

lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys [sic], (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar

figure should only be adjusted in rare and exceptional cases).

Here, the Estate seeks $52,365.50 in attorneys' fees and $2,467.44 for a General Excise Tax on those fees. As no party has objected to the 10/22/10 F&R's finding denying the Estate's request for the $2,467.44 in general excise tax, the Court adopts that portion of the 10/22/10 F&R. The $52,365.50 in requested attorneys' fees is based on 58.40 hours for Steven K. S. Chung at a rate of $325 per hour, 178.90 hours for Chanelle M. Chung at a rate of $180 per hour, and 16.90 hours for paralegal Debra M. Pruitt at a rate of $70.00 per hour. Thus, payment for a total of 254.2 hours is sought. The United States has not objected to the hourly rates sought, and the Court finds that the hourly rates charged by Steven S. Chung, Chanelle M. Chung, and Debra Pruitt are reasonable hourly rates.

The Court finds that some of the attorneys' fees incurred by the Amy Bo Jan Chung Estate were not reasonably necessary to achieve the results obtained by the Amy Bo Jan Chung Estate and some of the attorneys' fees incurred were incurred to raise unsuccessful arguments. See United States v. Bell, No. 1:95-cv-05346, 2009 WL 113794, *3 (E.D. Cal. Jan. 15, 2009) (noting that "[o]nly fees 'actually incurred in collecting or enforcing the obligation secured' are permitted a priority under 26 U.S.C. § 6323(e)(3)" and thus holding that a party was entitled to 40% of its attorney's fees based on its limited

success); see also Nat'l Equip. Rental Ltd. v. United States, 1978 WL 4590, *4 (C.D. Cal. Sept. 13, 2978) (adjusting fees to reflect partial success in the context of 26 U.S.C. § 6323 and awarding two-thirds of the requested attorneys' fees).

The Court, however, will not undertake the exercise of reducing the number of hours expended by the Estate by a specific amount because any such reduction would not result in an award lower than the limitation imposed by H.R.S. § 607-14.  Reviewing the time sheets attached to the 10/20/10 Declaration of Chanelle Chung, even finding some of the United States' arguments to be meritorious, the Court would not reduce the number of hours such that the fee award would be reduced greater than H.R.S. § 607-14 reduces the award.

For example, the United States argues that "[f]ees accumulated prior to, and unassociated with, the filing of the Estate's Motion for Summary Judgment were not necessary because they were expended advancing a claim which included an improper windfall which the Estate itself has acknowledged was not justified."[3/]  United States's Objection at 6.  Thus, the United States asserts that all "12,561.50 worth of the Estate's

---

[3/] The United States asserts that the Estate sought an improper windfall because, until the Estate filed its motion for summary judgment, it had refused to acknowledge a set off for the Taxpayers' payment of $18,325 toward the mortgage.  The Estate responds that it acknowledged the Taxpayers' payments as soon as it learned about them.

11

requested fee award [that] was accumulated prior to November 16, 2009, the first date upon which Counsel for the Estate appears to have started work on the Estate's Motion for Summary Judgment," should be eliminated.  United States's Objection at 7.  However, it is not reasonable to expect the Amy Bo Jan Chung Estate not to have incurred any fees prior to that date.  The Court agrees that certain hours were not reasonably expended, i.e., many of the approximately 14 hours spent preparing an opposition to the United States's Motion for Summary Judgment that was filed on March 6, 2009.  That motion sought to reduce to judgment federal income tax assessments against the Taxpayers and to foreclose federal tax liens against certain real property, but specifically requested that the proceeds of the foreclosure sale would be distributed "first to the costs of the sale, and then to the parties according to their relative priorities <u>as established by subsequent stipulation or Court order</u>."  See Mem. in Support of United States's Motion for Summary Judgment, dated March 6, 2009 (doc. no. 46-2) (emphasis added).  Thus, the Court finds that some of the hours the Estate spent opposing that motion were unnecessary and not reasonably incurred in obtaining the relief that they sought.  Moreover, other hours spent attending scheduling conferences and filing settlement conference letters were clearly reasonable.

        Similarly, the United States asserts that fees

accumulated after it had proposed a stipulation on March 17, 2010, were not reasonably necessary to achieve the results obtained by the Estate.  United States's Objection at 8.  Thus, the United States asserts that the $15,347 in fees that it calculates were incurred after March 17, 2010 should be eliminated.  Id at 9.  The Court agrees that there was some unnecessary delay, and that it would have been reasonable for the Estate to have entered into a variation of the stipulation circulated, which stipulated that "any party may file a motion seeking payment of any attorneys' fees and/or costs to which they may be entitled.  In the event any such fees and/or costs are awarded they shall be paid in accordance with the Court's instructions."  See United States Opp'n to Atty Fees Mot., Decl. of M. Pittman, Ex. 1 (Doc. No. 127-1).  However, the Court cannot say that it was unreasonable for the Amy Bo Jan Chung Estate to have been concerned that this was not adequate protection. Moreover, the Estate would still be entitled to attorneys' fees for the time that it had to spend preparing the attorneys' fees motion.  Thus, the Court cannot completely eliminate the $15,347 in fees incurred after March 17, 2010 as the United States suggests.

     Finally, even also excluding time devoted to the Estate's failed Equal Access to Justice Act argument would not reduce the attorneys' fee award below the limitation set by

H.R.S. 607-14. Furthermore, while the Amy Bo Jan Chung Estate may have insisted it was entitled to attorneys' fees upon a different basis, its arguments led to the Court's consideration of the attorneys' fees issue and the conclusion that the Amy Bo Jan Chung Estate is entitled to attorneys' fees as a mortgagee.

## **CONCLUSION**

For the foregoing reasons, the Court adopts, as modified, the 10/22/10 F&R.  The Amy Bo Jan Chung Estate is hereby awarded $33,563.91 in attorneys' fees.  As discussed in this Court's Order (1) Granting the Amy Bo Jan Chung Estate's Motion for Summary Judgment, (2) Resolving the United States' Motion for Adjudication of Priorities, and (3) Ordering Distribution of the Remaining Net Sales Proceeds, dated May 27, 2010, the United States is hereby directed to pay these attorneys' fees from the funds distributed pursuant to that Order.  As further noted in that Order, there were insufficient funds to satisfy the Taxpayer's indebtedness to the United States and the United States retains all legal rights to pursue the Chung Defendants in any appropriate manner.  The Taxpayers shall not be entitled to any credit on the amount that they owe to the United States for the amount of these attorneys' fees, which was temporarily distributed to the United States.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, December 17, 2010.



_____
Alan C. Kay
Sr. United States District Judge

United States v. Chung, Civ. No. 07-00570 ACK-BMK: Order Adopting, As Modified, the Magistrate Judge's Findings and Recommendation Regarding the Amount of Attorneys' Fees Owed to the Amy Bo Jan Chung Estate